**William E. DAVIS et al., Appellants,**

**v.**

**LYNN MOVING & STORAGE, INC.,**
**Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Fred F. Bradley, Frankfort, Donald Harkins, Begley & Harkins, Danville, Virgil Gaitskill, Jr., Asst. Atty. Gen., Department of Motor Transportation, Frankfort, for appellants.

Rudy Yessin, Smith, Reed, Yessin & Davis, Frankfort, for appellee.

MONTGOMERY, Judge.

William E. Davis appeals from a judgment which set aside the Department of Motor Transportation order approving his purchase of operating authority. The question is whether Davis' conduct in moving household goods without a certificate from 1950 to August 1963, and in making eight or ten movements thereafter and after he had learned that he should have a certificate, renders him unfit within the meaning of statutory and regulatory requirements. Lynn Moving & Storage, Inc., protested the transfer.

The question is presented by Davis' application to purchase Irregular Route Common Carrier Truck Certificate No. 2572 from Paul Best, Danville. Such certificate authorizes the transportation of "uncrated office and store furniture and used household goods and uncrated new furniture."

The application to purchase was filed on March 13, 1964, as an amendment to Davis' application filed on August 12, 1963, for the granting of such a certificate. Prior to the date of his application and since 1950, Davis, in addition to his regular employment, had been engaged in hauling furniture in Danville without any such certificate. It was shown that after the original application was filed appellant had continued to haul furniture without a certificate even though he had been advised by enforcement officers that he should not do so. Witnesses testified to eight or ten such movements. Davis seeks to excuse these movements by claiming a lease arrangement with Best, the prospective seller of the certificate. Davis kept no rec-

ords of his moves, had no terminal, and stored his equipment on the street.

KRS 281.630(6) provides in part:
"Any certificate or permit may be sold, assigned, leased or transferred, * * * provided that the transferee is fit, willing and able to render the proposed service, * * *."

The final order of the Department contains no finding that "the transferee is fit * * * to render the proposed service."

The order is couched in contradictory language. While approving the examiner's finding of "certain illegal or questionable transportation," the order approved transfer of the certificate but placed Davis on probation for one year because of "previous objectionable transportation activities." Without making a finding of fitness, the Commissioner found that the evidence of Davis' good reputation and lack of administrative requirements "tends" to overcome a conclusion of unfitness.

Counsel for the parties have cited no Kentucky decision on the point in issue. KRS 281.600 provides that the Department "* * * shall apply, as far as practicable, the administrative and judicial interpretations of the Federal Motor Carrier Act."

 In cases of a similar nature arising under such Act unauthorized operations have been held to render an applicant unfit for a certificate. Casmer E. Wenglikowski-Pur.-William A. Muehlenbeck, 14 F.C.C. 35,205; Friocal Transport & Leasing Corp., 14 F.C.C. 35,215; C. J. Davis, Ext., 15 F.C.C. 35,519; McCale-Control Long Transp. Co.-Pur.-Spreen Brothers Motor Express, Inc., 9 F.C.C. 32,621; Powell-Purchase-Rampy, 57 M.C.C. 597. A finding of fitness is a prerequisite to approval of the issuance or transfer of a certificate.

In view of the Commissioner's failure to make a finding as required by KRS 281.630(6), the judgment is reversed, with direction to remand the case to the Department of Motor Transportation for an appropriate finding as to whether or not Davis is fit to render the proposed service and for further action consistent therewith.

The placing of Davis on probation for one year after issuance of the certificate does not appear to be authorized by the statute. The reference in KRS 281.630(4) to "such reasonable terms, conditions and limitations * * * as are necessary to carry out" the operations of the carrier is not construed as authorizing probation upon approval of a certificate.

Judgment reversed, with direction to remand as indicated.